DECISION
This matter came on for hearing on Defendant's Motion for a New Trial or, in the alternative, a Motion for Remittitur.
This matter was tried to the Court, sitting without a jury. Both Plaintiff and Defendant testified at length. The bone of contention between the parties concerns the following language in their divorce decree:
 "The parties agree to divide equally any secondary school or college bills that the children incur."
The parties disagree upon the interpretation of that sentence. Further, Defendant contends that inasmuch as the parties shared joint custody of the children, they likewise had equal say in the education of the children. That contention is undisputed. Defendant further contends that Plaintiff did not consult him with respect to the children's education, notwithstanding the provision that the parents would share the expense.
Defendant's arguments are meritless. He was not a remote figure in his children's lives. By his own testimony, he kept abreast of his children's educational whereabouts. He apparently voiced no timely objections to their educational plans. He attended various school functions and graduations. He was, and is, obligated to pay half the bills his children have incurred.
Plaintiff was a very credible, articulate and persuasive witness. The Court accepts that those payments testified to by Plaintiff were, in fact, payments made toward the secondary and/or college education of the children. Plaintiff's testimony and the checks introduced in evidence support her allegations.
Defendant's attempts to avoid his responsibilities toward his children are without merit. The settlement entered into between Plaintiff and Defendant was a fair and equitable one. For all the foregoing reasons, Defendant's Motion for a New Trial and, in the alternative, the Motion for a Remittitur are denied.
Interest, pre and post-judgment, and costs are awarded to Plaintiff, attorney's fees are not.